# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION--DETROIT

**IN THE MATTER OF:**

Monica L. Williams,                     Bankruptcy Case No.10-70559
                                        Honorable Marci B. McIvor
                                        Chapter 13

                Debtor.

_____/

# COVER SHEET FOR MOTION TO USE CASH
# COLLATERAL OR TO OBTAIN CREDIT

The debtor has filed a motion to use cash collateral or to obtain postpetition financing, which is attached to this Cover Sheet. In accordance with LBR 4001-2(b) (E.D.M.), the debtor has identified below, by page and paragraph number, the location in the proposed order accompanying the motion of each of the following provisions:

| Provision | Contained in Proposed Order | Location in Proposed Order |
|---|---|---|
| (1) Provisions that grant liens on the estate's claims and causes of action arising under Chapter 5 of the Code. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (2) Provisions that grant cross-collateralization protection to the prepetition secured creditor (i.e., clauses that secure prepetition debt with categories of collateral that were not covered by the secured party's lien prepetition) other than liens granted solely as adequate protection against diminution in value of a prepetition creditor's collateral. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (3) Provisions that establish a procedure or conditions for relief from the automatic stay. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (4) Provisions regarding the validity or perfection of a secured creditor's prepetition liens or that release claims against a secured creditor. | __X__ Yes<br><br>_____ No | Page _2_, ¶ _2_<br>Page _3_, ¶ _11_ |
| (5) Provisions that prime any lien without that lienholder's consent. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (6) Provisions that relate to a sale of substantially all of the debtor's assets. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (7) Provisions for the payment of professional fees of the debtor or any committees, including any carve-outs for such payments. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (8) Provisions for the payment of prepetition debt. | __X__ Yes<br><br>_____ No | Page _3_, ¶ _18_<br>Pages _3-4_, ¶ _19_ |
| (9) Provisions that waive the debtor's exclusive right to file or solicit acceptances of a plan during the time periods specified in 11 U.S.C. § 1121. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (10) Provisions that require the debtor's plan to be on terms acceptable to the secured creditor. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (11) Provisions that require or prohibit specific terms in the debtor's plan. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

| | | |
|---|---|---|
| (12) Provisions establishing that proposing a plan inconsistent with the order constitutes a default. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (13) Provisions that waive surcharge under 11 U.S.C. § 506(c). | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (14) Provisions that address the rights and obligations of guarantors or co-obligors. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (15) Provisions that prohibit the debtor from seeking approval to use cash collateral without the secured creditor's consent. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (16) Provisions that purport to bind a subsequent trustee. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |
| (17) Provisions that obligate the debtor to pay any of a secured creditor's professional fees. | _____ Yes<br><br>__X__ No | Page ____, ¶ ____ |

Respectfully submitted,

/s/ Kimberly Bedigian (P54812)
Stevenson & Bullock, P.L.C.
Attorney for the debtor
26100 American Drive, Ste. 500
Southfield, MI 48076
(248) 354-7906
kbedigian@sbplclaw.com

Dated: November 15, 2011

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION--DETROIT

**IN THE MATTER OF:**

Monica L. Williams,

Bankruptcy Case No.10-70559
Honorable Marci B. McIvor
Chapter 13

Debtor.

_____/

## DEBTOR'S MOTION FOR ENTRY OF FINAL ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL, GRANTING REPLACEMENT LIEN, AND OTHER RELIEF

**NOW COMES** the debtor, Monica L. Williams, by and through her attorneys, Stevenson & Bullock P.L.C., and for her Motion for Entry of Final Order Authorizing Debtor to Use Cash Collateral, Granting Replacement Lien, and Other Relief (the "Motion") states as follows:

### Introductory Statement Required By F.R.B.P. 4001(b)(1)(B)

(i)     The name of each entity with an interest in the cash collateral:

University of Michigan Credit Union.

(ii)    The purposes for the use of the cash collateral:

To purchase a replacement vehicle to travel to and from her place of employment and to attend to her ordinary everyday needs as well as those of her children. Given the debtor's current income and expenses, she cannot afford a payment for a new loan and without authorization to use the cash collateral, the debtor and her dependents are likely to suffer immediate and irreparable harm.

(iii)   The material terms, including duration, of the use of the cash collateral: Without limiting the substance of the Motion, in order to avoid immediate and irreparable harm to the debtor and her dependents, the debtor will use the cash collateral (insurance proceeds of $8,492.00) to purchase a replacement vehicle valued equal to or greater than $8,492.00. The treatment of University of Michigan Credit Union's secured claim in the Chapter 13 Plan will not be affected.

(iv) Any liens, cash payments, or other adequate protection that will be provided to each entity with an interest in the cash collateral or, if no additional adequate protection is proposed, an explanation of why each entity's interest is adequately protected:

University of Michigan Credit Union may transfer its security interest to the replacement vehicle valued equal to or greater than $8,492.00. The debtor's use of the cash collateral as provided above will permit her to continue to travel to and from her place of employment and to attend to her ordinary everyday needs as well as those of her children, thus enabling her to continue to make Chapter 13 Plan payments by which adequate protection is provided to University of Michigan Credit Union.

1. On October 1, 2010, the debtor filed a petition for relief under Chapter 13 of Title 11, United States Code (the "Case").

2. The debtor files this Motion pursuant to F.R.Bankr.P. 4001(b), 11 U.S.C. §363, and E.D. Mich. LBR 4001-2(a).

3. This Court has jurisdiction over the matters relating to this Motion pursuant to 28 U.S.C. §1334(a). This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(M).

4. On January 5, 2011, the debtor's Chapter 13 Plan was confirmed.

5. As required by E.D. Mich. LBR 9014-1(g), concurrence of opposing counsel was sought on or around October 25, 2011, but denied.

**Nature of Debt and Underlying Facts**

6. At the time her Case was filed, the debtor owned a 2006 Honda Accord worth approximately $10,500.00 (the "Vehicle").

7. At the time the debtor's Case was filed, University of Michigan Credit Union held a validly perfected security interest in the Vehicle to secure repayment of a loan balance of approximately $9,370.78.

8. The confirmed Chapter 13 Plan proposed to pay University of Michigan Credit Union as a Class 5 creditor, crammed down (however, because the proof of claim filed by University of Michigan Credit Union indicated that the amount owing on the Vehicle was less than the value set forth by the debtor, the claim, in effect, is being paid as modified).

9.   Around October 24, 2011, the Vehicle was damaged to the extent of being totaled, which gave rise to the cash collateral (insurance proceeds).

10.  Upon information and belief, insurance proceeds totaling $8,492.00 (comprised of $7,990.00 value, $479.40 sales tax, and approximately $22.60 title fee) are available.

11.  The debtor believes University of Michigan Credit Union's validly perfected security interest in the Vehicle constitutes a valid, enforceable, first priority security interest.

12.  Upon information and belief, no other creditors have an interest in the cash collateral.

**Request for use of Cash Collateral**

13.  The debtor has no other vehicle and requires a vehicle to travel to and from her place of employment and to attend to her ordinary everyday needs as well as those of her children, thus enabling her to continue to make Chapter 13 Plan payments.

14.  Given the debtor's current income and expenses, she cannot afford a payment for a new loan.

15.  Without authorization to use the cash collateral, the debtor and her dependents are likely to suffer immediate and irreparable harm.

16.  The debtor seeks authorization to use the cash collateral to purchase a replacement vehicle and has selected 2 (two) potential replacement vehicles (see exhibit 6).  In any event, any replacement vehicle will be valued equal to or greater than $8,492.00.

17.  In conjunction with the authority to use the cash collateral, the debtor requests that University of Michigan Credit Union be required to endorse the insurance proceeds check.

**Adequate Protection and Distribution**

18.  The treatment of University of Michigan Credit Union's secured claim in the Chapter 13 Plan will not be affected.

19.  The debtor's use of the cash collateral as provided above will permit her to continue to travel to and from her place of employment and to attend to her ordinary everyday needs as well as those of her children, thus enabling her to

3

continue to make Chapter 13 Plan payments by which adequate protection is provided to University of Michigan Credit Union.

20. University of Michigan Credit Union may transfer its security interest to the replacement vehicle which will be valued equal to or greater than $8,492.00.

21. Without authorization to use the cash collateral, the debtor and her dependents are likely to suffer immediate and irreparable harm which would be detrimental to the debtor, the estate, and all creditors.

22. The entry of a final order authorizing the debtor to use cash collateral, granting replacement lien, and other relief is in the best interests of the debtor, the estate, and all creditors.

23. The provisions of the proposed order shall be binding upon and inure to the benefit of University of Michigan Credit Union, its respective successors and/or assigns, and the debtor.

WHEREFORE, the debtor respectfully requests that this Honorable Court grant her Motion for Entry of Final Order Authorizing Debtor to Use Cash Collateral, Granting Replacement Lien, and Other Relief, requiring University of Michigan Credit Union to endorse the insurance proceeds check, permitting the debtor to use the insurance proceeds to purchase a replacement vehicle valued equal to or greater than $8,492.00, permitting University of Michigan Credit Union to transfer its security interest to the replacement vehicle, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

/s/ Kimberly Bedigian (P54812)
Stevenson & Bullock, P.L.C.
Attorney for the debtor
26100 American Drive, Ste. 500
Southfield, MI 48034
(248) 354-7906
kbedigian@sbplclaw.com

Dated: November 15, 2011

STATE OF MICHIGAN      )
                       )SS.
COUNTY OF WASHTENAW )

I, Monica L. Williams, hereby attest, swear and declare under oath that the information set forth and provided in this Motion is true and accurate to the best of my knowledge, information, and belief. I have assisted in the preparation of this Motion and have provided the factual recitations and granted final approval to the filing of this Motion.

/s/ Monica L. Williams

Subscribed and sworn to before me this  14th  day of November, 2011.

/s/ Melanie E. Hoski
Melanie E. Hoski
Notary Public
State of Michigan
Washtenaw County
My commission expires: 12/17/2016

EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION--DETROIT**

**IN THE MATTER OF:**

Monica L. Williams,

Bankruptcy Case No.10-70559
Honorable Marci B. McIvor
Chapter 13

Debtor.

_____/

## FINAL ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL, GRANTING REPLACEMENT LIEN, AND OTHER RELIEF

This matter has come before the Court on the debtor's Motion for Entry of Final Order Authorizing Debtor to Use Cash Collateral, Granting Replacement Lien, and Other Relief, all interested parties have been served with notice of the motion, no objections to the motion have been received and a certification of no response has been filed, and the Court being otherwise fully advised in the premises;

NOW THEREFORE IT IS HEREBY ORDERED that the debtor's Motion for Entry of Final Order Authorizing Debtor to Use Cash Collateral, Granting Replacement Lien, and Other Relief is granted.

IT IS FURTHER ORDERED that University of Michigan Credit Union shall endorse the insurance proceeds check.

IT IS FURTHER ORDERED that the debtor may use the insurance proceeds to purchase a replacement vehicle for not less than $8,492.00.

IT IS FURTHER ORDERED that University of Michigan Credit Union may transfer its security interest to the replacement vehicle.

EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION--DETROIT

**IN THE MATTER OF:**

Monica L. Williams,

                                 Debtor.

                                               /

Bankruptcy Case No.10-70559
Honorable Marci B. McIvor
Chapter 13

## NOTICE OF DEBTOR'S MOTION FOR ENTRY OF FINAL ORDER AUTHORIZING DEBTOR TO USE CASH COLLATERAL, GRANTING REPLACEMENT LIEN, AND OTHER RELIEF

      The debtor, Monica L. Williams, has filed papers with the Bankruptcy Court for entry of a final order authorizing the debtor to use cash collateral, granting replacement lien, and other relief.

      **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to approve the motion, or if you want the court to consider your views on the relief requested, within 14 days, you or your attorney must:

      1.      File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort Street, 17th Floor
Detroit, Michigan 48226

      If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

      You must also mail a copy to:

| | | |
|---|---|---|
| Kimberly Bedigian<br>Stevenson & Bullock, P.L.C.<br>Attorney for the debtor<br>26100 American Drive<br>Suite 500<br>Southfield, MI 48034 | Office of the U.S. Trustee<br>211 W. Fort St., Suite 700<br>Detroit, MI 48226 | David Ruskin<br>Chapter 13 Trustee<br>26555 Evergreen Road,<br>Suite 1100<br>Southfield, MI 48076 |

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Respectfully submitted,


/s/ Kimberly Bedigian (P54812)
Stevenson & Bullock, P.L.C.
Attorney for the debtor
26100 American Drive, Ste. 500
Southfield, MI 48076
(248) 354-7906
Dated: November 15, 2011                    kbedigian@sbplclaw.com

There is no Exhibit 3.

EXHIBIT 4

IN THE MATTER OF:

Monica L. Williams,

Bankruptcy Case No.10-70559
Honorable Marci B. McIvor
Chapter 13

Debtor.

_____/

## PROOF OF SERVICE

    Kimberly Bedigian certifies that on the 15th day of November, 2011 copies of the **Debtor's Motion for Entry of Final Order Authorizing Debtor to Use Cash Collateral, Granting Replacement Lien, and Other Relief**, proposed **Final Order Authorizing Debtor to Use Cash Collateral, Granting Replacement Lien, and Other Relief**, **Notice of Debtor's Motion for Entry of Final Order Authorizing Debtor to Use Cash Collateral, Granting Replacement Lien, and Other Relief**, and this **Proof of Service** were served upon all parties listed below, by electronic means and/or depositing same in a United States Postal Box located in Southfield, Michigan, with postage fully prepaid thereon.

| | |
|---|---|
| OFFICE OF THE U.S. TRUSTEE<br>211 W. Fort Street, Suite 700<br>Detroit, MI 48226 | Monica L. Williams<br>3022 Bolgos Circle<br>Ann Arbor, MI 48105 |
| David Wm. Ruskin, Chapter 13 Trustee, at<br>  ecf-emails@det13.com | University of Michigan Credit Union<br>PO Box 7850<br>Ann Arbor, MI 48107-7850 |
| Christopher E. Frank, attorney for Creditor University of Michigan Credit Union, at cfrank@bankruptcymanagementgroup.com | |

/s/ Kimberly Bedigian (P54812)
Stevenson & Bullock, P.L.C.
Attorney for the debtor
26100 American Drive, Ste. 500
Southfield, MI 48034
(248) 354-7906
kbedigian@sbplclaw.com

There is no Exhibit 5.

EXHIBIT 6



# DUNNING

  

## www.annarbortoyota.com
## (734) 997-7600

**DUNNING**
**SUBARU   SCION**
**TOYOTA**
IMPORTS SUPERSTORE

**#1 QUALITY USED
VEHICLES IN
AMERICA**

**Extended Warranties
Available on Most
Vehicles**

**Vehicle Safety
Maintenance
Inspection**

**"Easy and Quick" Auto
Financing for
Everyone**

**FRIENDLY NO
PRESSURE
CUSTOMER SERVICE**

**HAGGLE-FREE
Pricing For Your
Shopping
Convenience**

**PROFESSIONAL Sales
Consultants**

### 2002 Toyota Camry

| | | | |
|---|---|---|---|
| Mileage: | 101,695 | Trans: | Manual |
| Stock No: | 30267A | Engine: | 4 Cyl. |
| Int Color: | Tan | VIN: | 573 |
| Ext Color: | SAND | | |

### Vehicle Equipment and Accessories

- Dual Air Bags
- Intermittent Wipers
- Rear Bench Seat
- Power Steering
- Power Door Locks
- Power Windows
- Clock
- Tachometer
- Tilt Steering Wheel

- Cruise Control
- Bucket Seats
- Daytime Running Lights
- Remote Trunk Release
- Center Console
- Power Mirrors
- Illuminated Entry System
- Rear Window Defroster



CITY MPG **23**    HWY MPG **32**

Mileage only an estimate, actual mileage varies with vehicle condition, type, options, driving conditions, habits, and other factors. Estimated mileage based on vehicle's original EPA rating.

## Market Value

## $7,933

ATTENTION BUYERS. Verify All Equipment & Accessories Prior to Sale. This vehicle equipment list is to be used as a guide only. The buyer should always confirm the existence and operation of both equipment and accessories prior to the sale of the vehicle. This label does not constitute a guarantee or contract by the dealer or the producer of this label. Sticker prepared by Dealer Specialties of Metro Detroit (DS) at the request of the Dealer solely for his and its convenience. Any & all differences © 2002 Dealer Specialties, Inc. All Rights Reserved.



# DUNNING TOYOTA SCION
3745 Jackson Rd. • Ann Arbor, Michigan 48103
**(734) 997-7600 • Fax # (734) 997-9213 • www.dunningtoyota.com**



| BUYER (A) Monica L. Williams | R&R # | DATE 11/7/11 |
|---|---|---|
| CO-BUYER (B) | | HOME PHONE |
| STREET ADDRESS 3022 Bolgos Cir | CELL PHONE | WORK PHONE |
| CITY Ann Arbor | STATE Mich ZIP 48605 | E-MAIL ADDRESS |

| YEAR 2012 | MAKE Toyota | MODEL/SERIES Camry LE | TRIM Cloth | ENGINE 4 cyl | COLOR Tan | MILES | STOCK NUMBER 30267A |
|---|---|---|---|---|---|---|---|
| VIN | | | | 5 | 3 | TO BE DELIVERED ON OR ABOUT | NEW ☐  USED ☒  DEMO ☐ |

Sold As-is

| | | |
|---|---|---|
| | PRICE OF VEHICLE | 7933 — |
| | CVR | $ 24 00 |
| | DOCUMENTARY FEE | $ 190 00 |

**ALL PAYMENTS ARE BASED ON APPROVED QUALIFIED CREDIT**

*The information you see on the window form for this vehicle is part of this contract. Information on the window overrides provisions in the contract of sale."

| | TOTAL TAXABLE PRICE | 8147 — |
|---|---|---|

**IMPORTANT NOTICE CONCERNING INSURANCE** Buyers(s) must have insurance for liability for injury to person or damage to property of others (PL &PD) in order to take title to the Vehicle. Buyer(s) Note: Neither accident and health insurance provide PL & PD coverage. If a credit sale or lease, Buyer is required to maintain collision insurance on the Vehicle during the term of the finance contract or lease. A Buyer may not be eligible for either credit life insurance or accident and health insurance. Buyer is not required to obtain either accident and health insurance or credit life insurance. Buyer may choose the agent from which said insurance will be obtained.

| | TAX | 488 82 |
|---|---|---|

| INSURANCE COMPANY AAA~ | MONTHS | NEW LICENSE | LIC TRANSFER 8 — | TITLE 15 — | 23 — |
|---|---|---|---|---|---|
| DRIVERS LICENSE NO | BIRTHDATE | | COUNTY Wash | TOTAL CASH DELIVERED PRICE | 8658 82 |

| S E T T L E M E N T | REBATE | | |
|---|---|---|---|
| | CASH DEPOSIT SUBMITTED WITH ORDER | | |
| | ALLOWANCE FOR TRADE-IN AS APPRAISED | | |
| | LESS BALANCE OWED | | |

| **DESCRIPTION OF TRADE-IN** | | | | | | NET EQUITY | |
|---|---|---|---|---|---|---|---|
| YEAR | MAKE | MODEL/SERIES | | PLATE NO. | COLOR | | |
| VIN: | | | | | ODOMETER | TOTAL CREDITS | |
| | | | | | | UNPAID CASH BALANCE DUE ON DELIVERY | |

**CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY**
*The information you see on the window form for this vehicle is part of this contract. Information on the window overrides provisions in the contract of sale."

**IMPORTANT BUYER INFORMATION**
1) Any warranties from a Manufacturer or supplier, including warranties on any Dealer-installed Non-Manufacturer accessories are theirs, not the Dealers, and only such Manufacturer or other supplier will be liable for performance under these warranties. All goods, services, and Vehicles sold by Dealer are sold "AS IS" unless Dealer furnished Buyer with a separate written warranty or service contract or the used car sticker on the window on the vehicle indicates otherwise. (SEE PARAGRAPH 10 ON REVERSE SIDE.) This disclaimer in no way affects the manufacturer's Vehicle Warranty.
2) If this is a credit sale or lease, this Order is not binding on the Buyer and the Buyer can cancel it and recover the deposit until Buyer receives a document containing the required financial or lease disclosures
3) The annual percentage rate for a credit sale may be negotiable with the Dealer. The Dealer may assign this contract and retain its right to receive a part of the finance charge.
4) The salesperson has no authority to make and dealer shall not be bound by any promises or representations unless they are written on this order and approved by dealer's authorized representative
5) Unless otherwise noted, the Buyer listed as Buyer (A) will be the registered owner/lessee of the Vehicle.
6) The Installment contract, lease or other document signed by the Buyer may require the Buyer to submit claims arising from or related to the purchase, lease or financing of the vehicle to binding arbitration
7) Any claim or lawsuit arising out of the purchase or lease of the vehicle against the dealer by the buyer must be filed no more than 365 days after the date of the delivery of the vehicle (SEE PARAGRAPH 15 ON THE REVERSE SIDE.)

**BUYER'S REPRESENTATIONS**
I have read the material printed on the back and I understand and agree to it as part of this Order as if it were printed above my signature. I understand that the front and back of this order comprises the entire agreement affecting this purchase/lease and no other agreement or understanding of any nature concerning same has been entered into, or will be recognized. I also certify that no credit has been either extended by Dealer or arranged by Dealer for the cash down payment unless it appears in writing on the face of this Order
I certify that I am at least 18 years old, and acknowledge receipt of a copy of this Order.
**This order is not valid unless signed by dealer or his authorized representative.**

| SALESPERSON Brian | BUYER'S (A) SIGNATURE | DATE |
|---|---|---|
| APPROVED: DEALER OR AUTHORIZED SIGNATURE | CO-BUYER'S (B) SIGNATURE | DATE |




# DUNNING TOYOTA SCION
3745 Jackson Rd. • Ann Arbor, Michigan 48103
(734) 997-7600 • Fax # (734) 997-9213 • www.dunningtoyota.com

| BUYER (A) Monica L Williams | R&R # 66460 | DATE 11/8/11 |
|---|---|---|

| CO-BUYER (B) | | HOME PHONE | |
|---|---|---|---|

| STREET ADDRESS 3022 Bolgos Cir | CELL PHONE | WORK PHONE |
|---|---|---|

| CITY Ann Arbor | STATE Mich | ZIP 48108 | E-MAIL ADDRESS | | |
|---|---|---|---|---|---|

| YEAR 2005 | MAKE Toyota | MODEL/SERIES Camry LE | TRIM Cloth | ENGINE 4cyl | COLOR Black | MILES 186K | STOCK NUMBER 30049A |
|---|---|---|---|---|---|---|---|

| VIN | | | | | | 7178 | TO BE DELIVERED ON OR ABOUT | NEW ☐ | USED ☐ | DEMO ☐ |
|---|---|---|---|---|---|---|---|---|---|---|

Sold Asis

| | |
|---|---|
| PRICE OF VEHICLE | 7535 — |
| CVR | |
| DOCUMENTARY FEE | $ 24 00 |
| | $ 190 00 |

## ALL PAYMENTS ARE BASED ON APPROVED QUALIFIED CREDIT

| | | |
|---|---|---|
| TOTAL TAXABLE PRICE | 7749 | |
| TAX | 464 | 94 |

**IMPORTANT NOTICE CONCERNING INSURANCE** Buyers(s) must have insurance for liability for injury to person or damage to property of others (PL &PD) in order to take title to the Vehicle. Buyer(s) Note. Neither accident and health insurance provide PL & PD coverage. If a credit sale or lease, Buyer is required to maintain collision insurance on the Vehicle during the term of the finance contract or lease. A Buyer may not be eligible for either credit life insurance or accident and health insurance. Buyer is not required to obtain either accident and health insurance or credit life insurance. Buyer may choose the agent from which said insurance will be obtained.

| INSURANCE COMPANY AAA | | MONTHS | NEW LICENSE | LIC. TRANSFER | TITLE 15— | 23 |
|---|---|---|---|---|---|---|

| DRIVERS LICENSE N | BIRTHDATE | COUNTY Wash | TOTAL CASH DELIVERED PRICE | 8236 | 94 |
|---|---|---|---|---|---|

<table>
<tr><td rowspan="9">S E T T L E M E N T</td><td>REBATE</td><td colspan="4"></td></tr>
<tr><td>CASH DEPOSIT SUBMITTED WITH ORDER</td><td colspan="4"></td></tr>
<tr><td>ALLOWANCE FOR TRADE-IN AS APPRAISED</td><td colspan="4"></td></tr>
<tr><td>LESS BALANCE OWED</td><td colspan="4"></td></tr>
<tr><td colspan="5" align="center">DESCRIPTION OF TRADE-IN</td></tr>
<tr><td>YEAR</td><td>MAKE</td><td>MODEL/SERIES</td><td>PLATE NO.</td><td>COLOR</td></tr>
<tr><td colspan="5">VIN:</td></tr>
</table>

| NET EQUITY | |
|---|---|
| TOTAL CREDITS | |
| UNPAID CASH BALANCE DUE ON DELIVERY | |

## CONTRACTUAL DISCLOSURE STATEMENT FOR USED VEHICLE ONLY
"The information you see on the window form for this vehicle is part of this contract. Information on the window overrides provisions in the contract of sale."

### IMPORTANT BUYER INFORMATION

1) Any warranties from a Manufacturer or supplier, including warranties on any Dealer-installed Non-Manufacturer accessories are theirs, not the Dealers, and only such Manufacturer or other supplier will be liable for performance under those warranties. All goods, services, and Vehicles sold by Dealer are sold "AS IS" unless Dealer furnished Buyer with a separate written warranty or service contract or the used car sticker on the window on the vehicle indicates otherwise. (SEE PARAGRAPH 10 ON REVERSE SIDE.) This disclaimer in no way affects the manufacturer's Vehicle Warranty.
2) If this is a credit sale or lease, this Order is not binding on the Buyer and the Buyer can cancel it and recover the deposit until Buyer receives a document containing the required financial or lease disclosures.
3) The annual percentage rate for a credit sale may be negotiable with the Dealer. The Dealer may assign this contract and retain its right to receive a part of the finance charge.
4) The salesperson has no authority to make and dealer shall not be bound by any promises or representations unless they are written on this order and approved by dealer's authorized representative.
5) Unless otherwise noted, the Buyer listed as Buyer (A) will be the registered owner/lessee of the Vehicle.
6) The installment contract, lease or other document signed by the Buyer may require the Buyer to submit claims arising from or related to the purchase, lease or financing of the vehicle to binding arbitration.
7) Any claim or lawsuit arising out of the purchase or lease of the vehicle against the dealer by the buyer must be filed no more than 365 days after the date of the delivery of the vehicle. (SEE PARAGRAPH 15 ON THE REVERSE SIDE.)

### BUYER'S REPRESENTATIONS
I have read the material printed on the back and I understand and agree to it as part of this Order as if it were printed above my signature. I understand that the front and back of this order comprises the entire agreement affecting this purchase/lease and no other agreement or understanding of any nature concerning same has been entered into, or will be recognized. I also certify that no credit has been either extended by Dealer or arranged by Dealer for the cash down payment unless it appears in writing on the face of this Order. I certify that I am at least 18 years old, and acknowledge receipt of a copy of this Order.

**This order is not valid unless signed by dealer or his authorized representative.**

| SALESPERSON Brian | BUYER'S (A) SIGNATURE | DATE |
|---|---|---|
| APPROVED: DEALER OR AUTHORIZED SIGNATURE | CO-BUYER'S (B) SIGNATURE | DATE |

**THIS ORDER IS NOT A BINDING CONTRACT**